UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEY STAR CAPITAL FUND III, LP,

        Plaintiff,

Case No. 2:25-cv-12803

HONORABLE STEPHEN J. MURPHY, III

v.

INTER-FAITH COMMUNITY
CHURCH - PORT HURON, et al.,

        Defendants.
                                 /

## ORDER REMANDING CASE

Defendant Tray Smith, purportedly on behalf of himself and Inter-Faith Community Church,[1] removed the instant case from the 31st Circuit Court for St. Clair County, Michigan. ECF No. 1. On behalf of himself and the Church, Defendant Smith then moved for a temporary restraining order and preliminary injunction. ECF No. 3. Plaintiff moved to remand the case because, *inter alia*, Defendants' removal was not timely. ECF No. 9, PageID.127. Defendants did not respond to the motion.

A notice of removal must be filed within thirty days of the defendant's receipt of service. 28 U.S.C. § 1446(b)(2). What is more, "[a]lthough not jurisdictional, the

---

[1] In another case involving Defendants Inter-Faith Community Church and Smith, the Court determined that the Church was an unrepresented entity and thus, Defendant Smith, as an individual non-lawyer could not represent the Church as an entity. *See Smith v. Shoulders*, No. 25-cv-12165, ECF No. 16, PageID.482 (E.D. Mich. Sept. 11, 2025) (Murphy, J.) (citing *U.S. S.E.C. v. Merklinger*, No. 08-cv-13184, 2010 WL 2232224, at *1 (E.D. Mich. May 27, 2010)). The same rule applies here. Defendant Smith cannot attempt to remove or file any motions on behalf of the Defendant Church.

1

thirty-day period for removal is mandatory and must be strictly applied." *Nessel v. Enbridge Energy, LP*, 104 F.4th 958, 971 (6th Cir. 2024) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

Here, Defendants attempted to remove the case well after the thirty-day deadline. Defendants Smith and the Church were served with the Complaint on July 16, 2025, ECF No. 9-1, PageID.132, 134, so the opportunity for removal expired on August 15, 2025. But Defendants did not file the notice of removal until September 5, 2025. ECF No. 1.

The Court will therefore grant Plaintiff's motion to remand because Defendants' removal is untimely. Because the removal is procedurally improper, the Court need not rule on Plaintiff's other arguments for remand.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to remand [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for a temporary restraining order and preliminary injunction [3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss [11] is **DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: October 9, 2025